UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMIEL JOHNSON,              : | |
|     Plaintiff,                      : | |
|                                                                            : | |
|     v.                                         : | No. 25-cv-0852 |
|                                                                            : | |
| CAROL JEAN ANNINE,          : | |
|     Defendant.                        : | |

### MEMORANDUM

**Joseph F. Leeson, Jr.**                                                                     **September 3, 2025**
**United States District Judge**

Plaintiff Jamiel Johnson, a convicted prisoner incarcerated at SCI Camp Hill, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, asserting violations of his rights arising from events that occurred at SCI Phoenix.  Currently before the Court are Johnson's Motion for Leave to Proceed *In Forma Pauperis* and Prisoner Trust Fund Account Statement (ECF Nos. 5, 9), and his Complaint ("Compl." (ECF No. 1)), in which he asserts claims against Carrol Jean Annino, identified as a physician at SCI Phoenix.[1]  Also before the Court are Johnson's Motion for Leave to Supplement Complaint (ECF No. 10) and separately filed Exhibits to Complaint (ECF No. 12.)  For the following reasons, the Court will grant Johnson's Motion for Leave to

---

[1] Also pending is Johnson' Motion to Correct Error in Docket (ECF No. 11), in which he requests that the spelling of the Defendant's name be corrected, and his Motion for Acknowledgment of Filing (ECF No. 13), in which he requests that the Court acknowledge his recent filings.  The former motion will be granted, and the Clerk of Court will be directed to amend the docket to reflect that the correct spelling of the Defendant's name is "Annino."  The latter motion will be denied as moot in light of the filing of the instant Memorandum with accompanying Order.

Proceed *In Forma Pauperis* and his Motion to Supplement, and will dismiss with prejudice his supplemented Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.  **FACTUAL ALLEGATIONS**[2]

The gravamen of the claims asserted in Johnson's original Complaint is that on two occasions, he received medical care and was charged a co-pay, allegedly in violation of his constitutional rights and in contravention of Pennsylvania Department of Corrections ("DOC") policy. (*See* Compl.) Johnson alleges that since entering into the custody of the DOC, he has suffered from inflammatory urination. (*Id*. at 2, 5.) Additionally, since January 2023, he has experienced allergies which cause watery eyes and congestion. (*Id*. at 2, 7.) On March 23, 2023, Defendant Annino charged Johnson $5.00 for a medical visit related to inflammatory urination. (*Id*. at 4.) Annino advised Johnson at the time of the visit that she would charge him a co-pay for the visit and Johnson objected on the ground that the condition requiring the visit was chronic and therefore a co-pay was prohibited pursuant to DC-ADM-820. (*Id*. at 4.) Annino countered that it was policy to charge a co-pay. (*Id*. at 5.) A similar situation arose on March 30, 2023, when Annino charged Johnson a co-pay for a medical visit related to his allergies. (*Id*.)

Johnson claims that he has a property interest in the acquisition of funds, and that by charging him a co-pay in the circumstances described, Annino violated his Fourteenth Amendment rights. (*Id*. at 7.) In addition to the loss of funds, Johnson claims he has experienced despair, fury, and anxiety as a result of Annino's conduct. (*Id*. at 8.) He requests

---

[2] The factual allegations set forth in this Memorandum are taken from Johnson's Complaint (ECF No. 1). The Court adopts the pagination supplied by the CM/ECF docketing system. Where appropriate, grammar, spelling, and punctuation errors in Johnson's pleading will be corrected for clarity.

that Annino's employment be terminated,³ and that she be enjoined from charging him co-pays for the treatment of his chronic conditions in the future. (*Id*. at 8.) He also requests money damages. (*Id*.)

Johnson's subsequently filed Motion for Leave to Supplement Complaint invokes Federal Rule of Civil Procedure 15 and seeks to supplement the Complaint with legal principles that allegedly support his claim and a copy of his inmate account statement reflecting the withdrawal of funds for the co-pays he was charged.⁴ (ECF No. 10 at 1, 2.) The supplemental materials are

---

³ The Court is not empowered to grant such relief as a remedy under § 1983. *Buskirk v. Pennsylvania Bd. of Prob. & Parole*, No. 22-1826, 2022 WL 4542094, at *2 (E.D. Pa. Sept. 28, 2022) (stating "the Court has no authority to terminate the employment of a state employee") (citing *Teal v. Moody*, No. 15-1402, 2019 WL 6702405, at *1 (M.D. Fla. July 10, 2019) ("[T]o the extent Teal suggests that this Court reprimand the Defendants and/or terminate their employment, this Court does not have the authority to reprimand state employees and/or terminate their employment."); *Theriot v. Woods*, No. 09-199, 2010 WL 623684, at *4-5 (W.D. Mi. Feb. 18, 2010) (holding that requesting injunctive relief in the form of ordering the firing of defendants is "frivolous," "entirely improper," and "not available under 42 U.S.C. § 1983" and that the court "has no authority under 42 U.S.C. § 1983 to . . . terminate the employment of [the defendants]"); *see also*, *Joseph v. Dep't of Corr.*, No. 20-294, 2022 WL 4001116, at *6 (D. A. Aug. 9, 2022), *report and recommendation adopted*, 2022 WL 3996357 (D. A. Sept. 1, 2022) (holding that "[m]oreover, it is not apparent that the injunctive relief sought – the firing of Defendants from their positions within DOC – is an available remedy" in a § 1983 claim noting that Supreme Court has continuously cautioned federal courts from assuming "a greater role in decisions affecting prison administration." (citing *Shaw v. Murphy*, 532 U.S. 223, 230 (2001); *Turner v. Safley*, 482 U.S. 78, 84–85 (1987)).

⁴ Federal Rule of Civil Procedure 15(d) provides that, upon motion and reasonable notice, "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." F. R. Ci. P. 15(d). "'A supplemental complaint refers to events that occurred after the original pleading was filed. Factors to be considered by the Court in making [a determination under Rule 15(d)] are the same as those to be considered in motions to amend, including the promotion of a justiciable disposition of the case, the delay or inconvenience in permitting a plaintiff to supplement the complaint, any resulting prejudice to the other parties in the action, and whether the supplement would be futile.'" *El v. Matson*, No. 21 -01325, 2022 WL 22905735, at *1 (W.D. Pa. June 3, 2022) (quoting *Millhouse v. United States*, No. 19-665, 2019 WL 5722030, *2 (M.D. Pa. Nov. 5, 2019) (internal citations and quotations omitted; bracketed text in original)). Whether to grant a Rule 15(d) motion to supplement a pleading is within the discretion of the district court. *See, e.g.*, *T Mobile Ne. LLC v. City of Wilmington, Del.*, 913 F.3d 311, 326-27 (3d Cir. 2019).

included in Johnson's separately filed Exhibits.  (ECF No. 12.)  These include a copy of his inmate account statement reflecting two withdrawals for Medical Co-Pays, both dated April 12, 2023.  (*Id*. at 2.)  Also included are copies of 37 Pa. Admin Code § 93.12, "Prison Medical Services Program," Pennsylvania DOC DC-ADM 820 "Co-Payment for Medical Services," DC-ADM 820 "Co-Payment for Medical Services Procedures Manual Glossary of Terms," the text of the Tenth, Eleventh, and Fourteenth Amendments to the United States Constitution and the text of the Supremacy Clause, and an excerpt from 1 Pa. Stat. and Cons. Stat. § 1928, "Rule of Strict and Liberal Construction."  (*See* ECF No. 12.)  There are no additional factual allegations in either the Motion for Leave to Supplement or the Exhibits.[5]

## II.   STANDARD OF REVIEW

The Court will grant Johnson leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[6]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether

---

[5] Johnson does not seek to supplement his Complaint to add claims based on any transaction, occurrence, or event that occurred after the events described in the original Complaint and thus does not seek to file a supplemental pleading contemplated under Rule 15(d).  Rather, he appears to seek to amend his original Complaint by adding the materials included in his Exhibits.  However, the Federal Rules of Civil Procedure do not contemplate piecemeal pleadings or the amalgamation of pleadings, even in the context of a *pro se* litigant.  *See Bryant v. Raddad*, No. 21-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading, 'presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims.'" (quoting *Uribe v. Taylor*, No. 10-2615, 2011 WL 1670233, at *1 (E.D. Cal. May 2, 2011)); *Brooks-Ngwenya v. Bart Peterson's the Mind Tr.*, No. 16-193, 2017 WL 65310, at *1 (N.D. Ind. Jan. 6, 2017) ("Piecemeal pleadings cause confusion and unnecessarily complicate interpretation of a movant's allegations and intent[] . . . .")  Rather than requiring Johnson to file an amended pleading that includes all of the claims and exhibits he seeks to include in this case, in the interests of efficiency and judicial economy, the Court will grant Johnson's Motion to Supplement and screen his Complaint as supplemented.

[6] Because Johnson is a prisoner, the Prison Litigation Reform Act requires that he pay the full filing fee in installments regardless of the outcome of this case.

a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim.  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024) (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Johnson is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  *See also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it by name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").  An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants."  *Vogt*, 8 F.4th at 185.

**III.    DISCUSSION**

Johnson asserts claims based on alleged violations of his constitutional rights.[7] The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020).

Johnson's claim is that Annino charged him a co-pay for medical visits to treat conditions he deems chronic, in violation of his Fourteenth Amendment rights and DOC policy. For the following reasons, his claim is not plausible. Three kinds of § 1983 claims may be brought under the Due Process. *Zinermon v. Burch,* 494 U.S. 113, 125 (1990). First, a plaintiff may bring suit under § 1983 for a violation of his specific rights as guaranteed by the Bill of Rights. *Id.* Second, a plaintiff may assert a Fourteenth Amendment claim under the "procedural" aspect of the Due Process Clause, which guarantees fair procedure for the deprivation of a constitutionally protected interest in life, liberty, or property. *Id.* Third, a plaintiff may assert a claim under the "substantive" prong of the Due Process Clause, which bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them. *Id.* (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986)).

---

[7] Although Johnson cites numerous provisions of the Constitution in his Complaint and Supplement, his claim is best read as a due process claim. See *Mala.*, 704 F.3d at 244-45; *Doe*, 2024 WL 379959, at *3.

The procedural aspect of the Due Process Clause guarantees the availability of certain procedural mechanisms, typically the right to notice and a hearing before the government can deprive an individual of a liberty or property interest. To establish a procedural due process violation, a person must first demonstrate that he has been deprived of a constitutionally protected property or liberty interest. *Daniels,* 474 U.S. at 339; *Renchenski v. Williams,* 622 F.3d 315, 325 (3d Cir. 2010). Only upon finding that a protected interest is asserted does a court consider the constitutional sufficiency of the procedures associated with the interest. If a liberty or property interest is found, the next step in the due process inquiry is to determine what process is due. "If there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what [s]he wants." *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000).

Johnson correctly asserts that he has a protected interest in the funds in his inmate account. (*See* Compl. at 7.) *Reynolds v. Wagner*, 128 F.3d 166, 179 (3d Cir. 1997) (holding that "inmates have a property interest in funds held in prison accounts"); *but see id*. at 174 ("We reject the plaintiffs' argument that charging inmates for medical care is *per se* unconstitutional.") *See also Higgins v. Beyer*, 293 F.3d 683, 693 (3d Cir. 2002) (citations omitted) ("[I]nmates are entitled to due process with respect to any deprivation of money [from their accounts]."). However, "an unauthorized intentional deprivation" of an inmate's property by prison officials "does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The United States Court of Appeals for the Third Circuit has consistently held that the availability of the prison's grievance procedure is a meaningful postdeprivation remedy. *See, e.g.*, *Tillman v. Lebanon Cnty. Corr. Fac.*, 221 F.3d

7

410, 422 (3d Cir. 2000) (holding that the prison's grievance program, which allowed prisoners to complain about any matter and provided for direct appeal to warden, was an adequate postdeprivation remedy); *Petko v. Radle*, 593 F. App'x. 94, 96 (3d Cir. 2014) (*per curiam*) ("[The plaintiff] received due process because he had access to and took advantage of an adequate postdeprivation remedy – the Pennsylvania D.O.C.'s grievance procedure."); *Dockery v. Beard*, 509 F. App'x. 107, 114 (3d Cir. 2013) (*per curiam*) (concluding that the inmate received adequate due process for deduction of medical co-pay from account "because he took advantage of an adequate post-deprivation remedy—the grievance process—to challenge [the] assessment"); *Crosby v. Piazza*, 665 Fed. App'x. 168, 172 (3d Cir. 2012) (*per curiam*) ("Adequate remedies were available here as [the plaintiff] was provided an opportunity to file an administrative grievance."). Because of the availability of the grievance procedure as a postdeprivation remedy, Johnson's due process claim is not plausible.

Johnson also claims that he was wrongly charged co-pays for care for conditions which he describes as "chronic," because the DOC's policy manual prohibits such co-pays. (Compl. at 2.) In this regard, he relies on DC-ADM 820, which states that if a medical condition falls under one of the very limited categories defined as "chronic" by the DOC, which includes asthma, congestive heart failure, coronary artery disease, diabetes, dislipidemia, hepatitis C, HIV, and hypertension, an inmate is not required to pay a co-pay for related sick call visits and medications.[8] To the extent Johnson seeks to pursue a claim based on Annino's alleged violation of the DOC's policy manual, such a claim is not plausible. "[I]t is axiomatic that 'a prison policy manual does not have the force of law and does not rise to the level of a regulation' and that 'a

---

[8] Pennsylvania DOC Policies are available at https://www.pa.gov/agencies/cor/about-us/doc-policies.html.

violation of internal policy does not automatically rise to the level of a Constitutional violation.'" *Cicchiello v. Dauphin Cnty. Prison Bd.*, No. 24-0509, 2025 WL 260308, at *5 (M.D. Pa. Jan. 21, 2025) (quoting *Atwell v. Lavan*, 557 F. Supp. 2d 532, 556 n.24 (M.D. Pa. 2007) (citations omitted); *see Bullard v. Scism*, 449 Fed. App'x 232, 235 (3d Cir. 2011) (nonprecedential) (explaining that, even if prison officials violated a regulation, such a violation "is not actionable"). Since neither inflammatory urination nor allergies are "chronic conditions" listed in the DOC policy and, charging a co-pay for treatment is not per se unconstitutional, *see Reynolds*, 128 F.3d at 174, his claim is not plausible. *See Lanza v. Moclock*, No. 17-1318, 2018 WL 3060030, at *10–11 (M.D. Pa. June 20, 2018), *aff'd*, 842 F. App'x. 714 (3d Cir. 2021) (dismissing with prejudice inmate's Eighth and Fourteenth Amendment claims arising from deduction of co-pays from inmate account for treatment of recurring conditions); *Harper v. Tritt*, No. 16-1640, 2017 WL 4700730, at *6 (M.D. Pa. Oct. 19, 2017), *aff'd*, 726 F. App'x. 101 (3d Cir. 2018) (same).[9]

---

[9] Johnson does not assert an Eighth Amendment deliberate indifference to medical needs claim related to Annino's charge of co-pays for his recurring conditions. But if he had, any such claim also would not be plausible. It is well established that allegations of a defendant's consideration of costs associated with treating a prisoner-plaintiff's non-emergency medical condition does not state a claim of deliberate indifference as prisoners "do not have a constitutional right to limitless medical care, free of the cost constraints under which law-abiding citizens receive treatment." *Winslow v. Prison Health Servs.*, 406 F. App'x. 671, 674 (3d Cir. 2011) (citing *Reynolds*, 128 F.3d at 175 ("[T]he deliberate indifference standard of *Estelle* does not guarantee prisoners the right to be entirely free from the cost considerations that figure in the medical-care decisions made by most non-prisoners in our society."); *Caines v. Hendricks*, No. 05-1701, 2007 WL 496876, at *8 (D.N.J. Feb. 9, 2007) ("[I]t is not a constitutional violation for prison authorities to consider the cost implications of various procedures, which inevitably may result in various tests or procedures being deferred unless absolutely necessary."); *see also Brown v. Beard*, 445 F. App'x. 453, 456 (3d Cir. 2011) (per curiam) (stating "prisoners do not have a constitutional right to limitless medical care") (citing *Reynolds*, 128 F.3d at 175).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Johnson's Motion for Leave to *Proceed In Forma Pauperis* and his Motion to Supplement, and will dismiss with prejudice his supplemented Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). No leave to amend will be granted because to do so would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).

An appropriate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**